FILED
 2013 May-03  PM 03:31
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JADY PIPES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:12-cv-2885-RRA |
| | ) | |
| THE CITY OF FALKVILLE, ALABAMA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed by the plaintiff, Jady Pipes, against the defendant, the City of Falkville, Alabama. The first amended complaint was filed on February 7, 2013, and alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003, *et seq.* (Doc. 13, p. 3.)  Specifically, the plaintiff alleges that he was sexually harassed at work, and that, when he complained of this harassment, he was retaliated against.  (Doc. 13, p. 3.) The case comes before the court on the defendant's motion for partial judgment on the pleadings, to dismiss the sexual harassment claim only.  (Doc. 14.)

### STANDARD

In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may consider only the pleadings, in this case the Complaint and Answer. *See* Fed.R.Civ.P. 12©. A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).  The main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion. Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos,* 166 F.3d 1114, 1116–17 (11th

Cir.1999).

*United States v. Bahr*, 275 F.R.D. 339, 340 (M.D. Ala. 2011).

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court, in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), established that a complaint should not be dismissed unless it appeared beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court criticized the "no set of facts" standard, stating that it could be construed so narrowly and literally that "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 561. The *Twombly* court introduced the concept of plausibility as the test for granting or denying a motion to dismiss for failure to state a claim. "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. Justice Souter stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id.* at 555.

The court further explained that the plausibility standard is not a probability requirement, but it "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Id.* at 556. The claim for relief must be "plausible on its face."

*Id*. at 570. The court denied that it required "heightened fact pleading of specifics," but stated that if plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. at 570. After removing the legal conclusions from the pleadings, courts should weigh the remaining factual allegations and determine if they are sufficient to render the plaintiff's claim plausible. Also, the court may infer "obvious alternative explanations" which constitute lawful conduct. *Id*. at 567.

In the later case of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the court restated the plausibility standard, and held that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.' " *Id.* at 1950. The Eleventh Circuit set out *Iqbal*'s holding:

> Applying these principles to Iqbal's complaint, the Court began by disregarding as wholly conclusory Iqbal's allegations that Mueller was "instrumental" in adopting the detention policy and Ashcroft was the "principal architect" of the policy, and that they willfully agreed to subject Iqbal to harsh treatment for a discriminatory purpose. *Id.* at 1951. The Court then determined that the remaining factual allegations — that Mueller and Ashcroft approved the FBI's policy of arresting and detaining thousands of Arab Muslim men as part of its investigation into the events of September 11 — did not plausibly establish the purposeful, invidious discrimination that Iqbal asked the Court to infer. *Id.* at 1951-52. The alternative inferences that could be drawn from the facts — namely, that the arrests were likely lawful and justified by a nondiscriminatory intent to detain aliens who were illegally present in the United States and who had potential connections to those who committed terrorist acts-were at least equally compelling. *Id.* Accordingly, the Court ruled that Iqbal's complaint must be dismissed. *Id.* at 1954.

*American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288-1290 (11th Cir. 2010).

Although the heightened pleading analysis was explicitly rejected, *Twombly*, 550 U.S. at 569 n. 14, it is clear that *Twombly* and *Iqbal* intended to make it more difficult for a

3

plaintiff to withstand a motion to dismiss by requiring more of him at the pleading stage.

## FACTS ALLEGED IN THE AMENDED COMPLAINT

The amended complaint alleges that the plaintiff began working for the defendant in the summer of 2011. (Doc. 13, p. 2.) The plaintiff alleges that on November 30, 2011 the chief of police, Chris Free "physically assaulted" him. (Doc. 13, p. 2.) Specifically, the states that "Free approached the plaintiff, and touched his genitals in a "thumping" motion. When plaintiff jumped away and turned, Free placed his hand on plaintiff's buttocks and poked at plaintiff's rectum with his finger through the plaintiff's clothing." (Doc. 13, p. 2.) The plaintiff later informed Free that "he found this behavior to be highly objectionable and humiliating." (Doc. 13, p. 2.) The complaint further states that since that time, the plaintiff "has been subjected to retaliatory behavior from the department." (Doc. 13, p. 2.) The retaliatory behavior described includes the cutting of plaintiff's work hours. (Doc. 13, p. 2.) The amended complaint states that because of the drastic cut in his work hours, the plaintiff had no choice but to resign. (Doc. 13, p. 2.)

## DISCUSSION

The defendant argues that the amended complaint is insufficient because the sexual harassment claims "fail to allege all of the required elements." (Doc. 13, p. 2.) The Eleventh Circuit has noted:

> To establish a hostile-environment sexual-harassment claim under Title VII based on harassment by a supervisor, an employee must show: (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual

4

> harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

*Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999). However, it has long been well settled that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515, 122 S. Ct. 992, 999, 152 L. Ed. 2d 1 (2002).

The defendant argues at one point in its brief that the complaint is defective because it does not state that the plaintiff is a member of a protected group. However, later it seems to abandon this contention, recognizing that a valid claim of harassment can exist even if both parties are of the same sex, as is apparently the case here. (Doc. 15, p. 5, *citing Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80-81 (1998)). Indeed, in note 3, the defendant expressly rejects an argument that the plaintiff's claim fails because both he and Free are male. Regardless, the complaint alleges that the plaintiff worked for the defendant, and was sexually touched by a supervisor. The plaintiff belongs to a protected class of employees who are entitled to be free from unwanted sexual conduct by their supervisors.

The defendant also argues that the complaint fails to state that the conduct was "based on sex." (Doc. 15, pp. 5-6.) The defendant states that there is nothing to distinguish this conduct from "mere horseplay." (Doc. 15, p. 6.) The court does not agree. A reasonable inference that the conduct was sexual can be drawn from the nature of the touching, as previously described. The amended complaint also alleges that the conduct was unwelcome. The allegations are sufficient to establish a cause of action for sexual harassment.

## RECOMMENDATION

Based on the foregoing it is RECOMMENDED that the motion be DENIED. Any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action. If objections are filed, the opposing party has ten (10) additional days to file a response to the objections.

DONE this 3rd day of May, 2013.

/s/ Robert R. Armstrong
Robert R. Armstrong, Jr.
United States Magistrate Judge